# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| DEWAYNE CORTEZ WATERS, | ) |
| Plaintiff, | ) |
| VS. | ) No. 19-2125-JDT-cgc |
| SHELBY COUNTY, | ) |
| Defendant. | ) |

## ORDER DISMISSING COMPLAINT AND GRANTING LEAVE TO AMEND

On February 20, 2019, Plaintiff DeWayne Cortez Waters, who is presently incarcerated at the Shelby County Criminal Justice Center (Jail) in Memphis, Tennessee, filed a *pro se* civil complaint and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 5.) The Clerk shall record the Defendant as Shelby County.[1]

Waters alleges that on an unspecified date water was running down the wall and from the ceiling of his cell. As he was getting down from the top bunk to report the leak, Waters slipped and fell in the water, injuring his left arm, back and hip. He was taken to the medical department, where he allegedly was told that he was alright because he was not paralyzed, which allegedly "forced [him] to suffer from the pain that was caused from the fall." Waters alleges the Jail and

---

[1] Claims against the "Shelby County Department of Correction" and the Shelby County Sheriff's Department are treated as claims against Shelby County.

the Sheriff's Department "is involved because they failed to inspect the cell and provide a safe and comfortable living area," and that the Jail "was aware of the same problem because it has occur[r]ed in the past." (ECF No. 1 at 2.) He seeks monetary compensation. (*Id.* at 3.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt

from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Waters's complaint is filed on the form used for commencing actions pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Waters has no claim against Shelby County. A local government such as a municipality or county "cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691 (1978) (emphasis in original); *see also Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691-92; *Deaton v. Montgomery Co., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815

(6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Co. v. Dodson*, 454 U.S. at 326 (citation omitted)). Waters does not allege that he suffered an injury because of an unconstitutional policy or custom of Shelby County. At most, he alleges that a similar leak had occurred in the past and that a person or persons at the Jail knew about it but failed to inspect and correct the problem. That allegation is insufficient to state a claim against Shelby County.

It appears that Waters is attempting to assert a claim under the Eighth Amendment, which prohibits cruel and unusual punishments. *See generally Wilson v. Seiter*, 501 U.S. 294 (1991). This proscription on cruel and unusual punishment encompasses an inmate's right to personal safety. *Stewart v. Love*, 796 F.2d 43, 44 (6th Cir. 1982). An Eighth Amendment claim consists of both objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective component requires that the deprivation be "sufficiently serious." *Farmer*, 511 U.S. at 834.

To satisfy the objective component of an Eighth Amendment claim, a prisoner must show that he "is incarcerated under conditions posing a substantial risk of serious harm," *Farmer*, 511 U.S. at 834; *see also Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005), or that he has been deprived of the "minimal civilized measure of life's necessities," *Wilson*, 501 U.S. at 298 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)); *see also Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004).

The allegation that Waters was injured when he slipped and fell in the water leaking into his cell does not satisfy the objective component of an Eighth Amendment violation. As another district court in this circuit has explained:

> Federal courts have routinely held that wet and slippery prison floors, while potentially hazardous, do not amount to the denial of the minimal civilized measure of life's necessities. *See, e.g., Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) (holding that "slippery floors constitute a daily risk faced by members of the public at large" and do not amount to cruel and unusual punishment); *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) (finding that wet prison floors did not create a sufficiently serious condition to violate the Eighth Amendment, and noting that "slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment"); *Denz v. Clearfield County*, 712 F. Supp. 65, 66 (W.D. Pa. 1989) (finding no Eighth Amendment violation based on slippery floor in prison cell); *Mitchell v. West Virginia*, 554 F. Supp. 1215, 1216-17 (N.D. W. Va. 1983) (finding no Eighth Amendment violation based on slippery floor in prison dining hall).

*Stubl v. Baraga Maximum Corr. Facility*, No. 2:08-CV-10, 2008 WL 4813403, at *6 (W.D. Mich. Oct. 30, 2008) (report and recommendation adopted by the district court); *see also Mills v. C.C.A.*, No. 1:10-0015, 2010 WL 5155478, at *4 (M.D. Tenn. Dec. 14, 2010) ("Courts have regularly held that slip and fall accidents do not give rise to federal causes of action.") (report and recommendation), *adopted*, 2011 WL 13552 (M.D. Tenn. Jan. 4, 2011).

The subjective component of an Eighth Amendment violation requires a prisoner to demonstrate that the official acted with the requisite intent, that is, that he had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834; *see also Wilson*, 501 U.S. at 297, 302-03. The plaintiff must show that the prison officials acted with "deliberate indifference" to a substantial risk that the prisoner would suffer serious harm. *Farmer*, 511 U.S. at 834; *Wilson*, 501 U.S. at 303; *Helling v. McKinney*, 509 U.S. 25, 32 (1993). "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835. Thus, "the prison official must know[] of and disregard[] an excessive risk to inmate health or safety." *Id.* at 837-38.

Waters alleges the "Jail" knew about the problem because the same type of leak had occurred previously. However, he does not allege that any specific individual was aware the leak would pose a substantial risk to his safety and yet disregarded that risk.

The Cruel and Unusual Punishments Clause of the Eighth Amendment also guarantees prisoners the right to adequate medical care. *Johnson v. Karnes*, 398 F.3d 868, 873-74 (6th Cir. 2005). Waters does not expressly allege in the complaint that he was denied adequate medical care; however, to the extent he intends to make such an allegation, he has failed to state a claim. Waters alleges only that he was taken to the medical department and told he was alright, which caused him to suffer pain from the fall. However, Waters does not allege that he needed or requested any further medical treatment or that any specific individual was personally responsible for denying him adequate medical care.

For the foregoing reasons, Waters's complaint is subject to dismissal in its entirety for failure to state a claim.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court concludes that Waters should be given the opportunity to file an amended complaint as to his claim concerning a lack of medical care.

In conclusion, the Court DISMISSES Waters's complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). However, Waters is GRANTED leave to file an amended complaint to more fully set forth any claim regarding a lack of medical care connected to the fall. Any amendment must be filed within twenty-one days after the date of this order. Waters is advised that an amended complaint will supersede the original complaint and must be complete in itself without reference to the prior pleadings. The text of the complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. All claims alleged in an amended complaint must arise from the facts alleged in the original complaint. Each claim for relief must be stated in a separate count and must identify each defendant sued in that count. If Waters fails to file an amended complaint within the time specified, the Court will assess a strike pursuant to 28 U.S.C. § 1915(g) and enter judgment.

IT IS SO ORDERED.

        s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE