UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| DEWAYNE CORTEZ WATERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 19-2125-JDT-cgc |
| | ) | |
| SHELBY COUNTY, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER DIRECTING ENTRY OF JUDGMENT,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

Plaintiff DeWayne Cortez Waters, a prisoner acting *pro se*, filed a civil complaint on February 20, 2019. (ECF No. 1.) The Court subsequently issued an order granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 5.)

On February 26, 2019, the Court issued an order dismissing the complaint for failure to state a claim but granting leave to file an amended complaint within 21 days. (ECF No. 6.) The order notified Waters that if he "fails to file an amended complaint within the time specified, the Court will assess a strike pursuant to 28 U.S.C. § 1915(g) and enter judgment." (*Id.* at 7.) However, Waters has not filed an amended complaint, and the time within which to do so has expired. Therefore, judgment will be entered in accordance with

the February 26, 2019, order dismissing the complaint for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Pursuant to 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal by Waters in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The same considerations that led the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. Therefore, it is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a), that any appeal in this matter by Waters would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Waters nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain*, 716 F.3d at 951. *McGore* sets out specific procedures for implementing the PLRA, §§ 1915(a)-(b). Therefore, Waters is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in the PLRA and *McGore* by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Waters, this is the second dismissal of one of his cases as frivolous or for failure to state a claim.[1] This strike shall take effect when judgment is entered. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

  s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff previously filed *Waters v. Shelby Cnty.,* No. 2:19-cv-02126-JDT-cgc (W.D. Tenn. Feb. 27, 2019) (dismissed for failure to state a claim).